## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 4:24-CR- 00324 |
| | : | |
| v. | : | (Chief Judge Brann) |
| | : | |
| **PAUL D. POLEN**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, §§ 371 & 666, Conspiracy to engage in theft or bribery concerning programs receiving

Federal funds. The maximum penalty for that offense is imprisonment for a period of five (5) years, a fine of $250,000, a maximum term of supervised release of three (3) years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under

the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Statute of Limitations Waiver</u>. The defendant agrees to knowingly waive the right to challenge the charged offenses on the basis of laches, speedy trial rights, statute of limitations, delay pursuant to Federal Rule of Criminal Procedure 48, delay based on constitutional due process, or any other related ground.

3. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

**B.  Fine and Assessments**

4.  <u>Fine</u>. The Government will not recommend a fine given the defendant's agreement to pay forfeiture, as specified below, but the defendant understands that the Court may still impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

5.  <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of

Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.   Sentencing Guidelines Calculation

9.   Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

10. Acceptance of Responsibility– Two/Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

11. Specific Sentencing Guidelines Recommendations. With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: a loss amount of $528,450 shall apply to the calculation of the defendant's Guidelines sentencing range under U.S.S.G. § 2B1.1. Pursuant to Appendix A of the Guidelines Manual, the parties agree that U.S.S.G. § 2B1.1 is the relevant section of the Guidelines for calculating the defendant's Guidelines sentencing range. Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The

defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

**D. Sentencing Recommendation**

12. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i. The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j. The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k. The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l. The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

14. Forfeiture. The present Information seeks forfeiture of the defendant's interests in certain assets. The Defendant agrees to

make full forfeiture in the amount of $628,450, as further described below, within 30 days of entry of a guilty plea.

15. In the event the United States seeks to forfeit assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

   a. Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Information, namely, $628,450 in U.S. Currency;

b. Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c. Waiver of the right to personal service of all process and naming of Will Newman, Oberheiden P.C., as agent for service of all process;

d. Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e. The filing and entry of a consent decree of forfeiture;

f. Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g. Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

16. <u>Disclosure of Assets</u>. This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control. The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement. The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

17. <u>No Further Forfeiture</u>. As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.

This Agreement does not prevent the IRS from the collection of taxes or the seizure of assets to satisfy those taxes.

18. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

**F.  <u>Victims' Rights and Restitution</u>**

19. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those

presented by the United States as a consequence of this Agreement;

    f.   The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

    g.   The right to proceedings free from unreasonable delay; and

    h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

20. <u>Restitution</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The

defendant also agrees that the Government will seek, and the Court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary

to perfect a forfeiture order and further stipulates and agrees

that the defendant's guilty plea constitutes an admission to all

matters legally and factually necessary for entry of a forfeiture

order in this case. The parties agree that the Government will

recommend, but cannot guarantee, that any assets recovered

through forfeiture proceedings be remitted to crime victims to

reduce the defendant's restitution obligation in this case. The

defendant acknowledges that the making of any payments does

not preclude the Government from using other assets or income

of the defendant to satisfy the restitution obligation. The

defendant understands that the amount of restitution

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

**G. Information Provided to Court and Probation Office**

21. Background Information for Probation Office. The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

22. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

23. <u>Relevant Sentencing Information</u>. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

24. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H. <u>Court Not Bound by Plea Agreement</u>

25. <u>Court Not Bound by Terms</u>. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five (5) years, a fine of $250,000, a maximum term of supervised release of up to three (3) years, which shall be served at the conclusion of and in addition to any term of imprisonment, the

costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

26. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I. **Breach of Plea Agreement by Defendant**

27. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

28. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b. The United States will be free to make any recommendations to the Court regarding sentencing in this case, including recommending that the Court impose a fine;

   c. Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

29. Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing. The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

**J.   Transfer of Information to IRS**

30. <u>Transfer of Case to IRS</u>. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant or this offense, to other state and federal agencies or other organizations, including, but not limited to the IRS, law enforcement agencies and licensing and regulatory agencies.

31. <u>Collection Action by IRS</u>. Nothing in this Agreement shall limit the IRS in its collection of any taxes, interest, or penalties due from the defendant arising out of or related in any way to the offense(s) identified in this Agreement.

32. <u>Rule 6(e) Order for Transfer of Information to IRS</u>. The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the IRS of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the IRS.

33. <u>Cooperation with IRS</u>. The defendant agrees to fully comply and cooperate with the IRS by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns, which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the IRS by furnishing the IRS with all information pertaining to the defendant's assets and

liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests, and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

## K. Licensing, Resignation, and Disbarment

34. <u>Status of Professional License</u>. It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

**L. Deportation**

35. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

**M. Appeal Waiver**

36. <u>Conditional Appeal Waiver.</u> The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court impose a sentence within or below the applicable advisory guidelines sentencing range as that sentencing range is determined by the

Court. In the event the Court imposes a sentence greater than the applicable advisory guidelines sentencing range as that sentencing range is determined by the Court, the defendant retains the right to appeal the conviction and sentence. This conditional waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this conditional appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

37. <u>Collateral Appeal Waiver.</u> The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this Agreement, the defendant voluntarily and knowingly waives the right to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate

judgment under Title 28, United States Code, Section 2255; a petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking collateral relief. However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel. In the event the defendant raises a claim of ineffective assistance of counsel, the defendant hereby agrees (a) that the Government retains its right to oppose any such claim on procedural or substantive grounds; and (b) that counsel for the United States may confer with any of the defendant's prior counsel whose performance is attacked in such a claim, for purposes of preparing any response or for any hearing necessitated by the filing of such a claim.

38. <u>Appeal Waiver Breach.</u> The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this

Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## N. Other Provisions

39. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

40. <u>No Civil Claims or Suits</u>. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

41. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

42. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

43. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

44. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before December 6, 2024 at 5:00 p.m., otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

45. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

$\frac{12.4.24}{\text{Date}}$

_____
PAUL D. POLEN
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12/4/24

_____

Date

WILL NEWMAN
Counsel for Defendant

GERARD M. KARAM
United States Attorney

$\frac{12/4/24}{\text{Date}}$

By: _____

RAVI ROMEL SHARMA
Assistant United States Attorney

AUSA RRS/AJA/2021R00084/December 2, 2024
VERSION DATE: March 8, 2021